IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:19-cv-46-KG-SMV |
| NEW MEXICO ENVIRONMENT DEPARTMENT, and JAMES KENNEY, Secretary (in his official capacity) | ) | |
| Defendants. | ) | |

THE UNITED STATES' SURREPLY IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS

The New Mexico Environment Department and James Kenney, Secretary (jointly referred to as "NMED") stated in its motion to dismiss that "The Permit that Plaintiff seeks to challenge in this case is simply a renewal and revision of one previously issued in 2003." Defendants' Motion to Dismiss, 3 (Feb. 18, 2019). ECF 4. The United States agreed with this position in its opposition to the motion and argued that judicial review of a final agency permitting action does not qualify as the type of case for which *Younger* abstention is available. United States' Opposition to the Defendants' Motion to Dismiss, 4-5 (Mar. 14, 2019) [U.S. Opp.]. ECF 15. In its reply, NMED now argues that the routine, regulatory permitting action here is a qualifying "civil enforcement proceeding" for *Younger* abstention under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). Defendants' Reply In Support of Motion to Dismiss, 3-6 (Mar. 28, 2019) [Def. Reply]. ECF 17.

As an initial matter, the state proceeding here is judicial review of NMED's *final agency action* issuing an administrative permit, N.M. Stat. Ann. § 74-4-14(A) (providing judicial review

of final agency action under the HWA); NMAC § 20.4.1.901(H) (appeals of final permits "shall be as provided by the HWA"), which clearly is not the type of case for which *Younger* abstention is available. *See Sprint Communications, Inc. v. Jacobs*. 571 U.S. 69, 78-79 (2013); U.S. Opp. at 4-5. As NMED notes, *Sprint Communications* assumed without deciding that judicial review and the underlying administrative process challenged are a unitary process for *Younger* purposes. 571 U.S. at 78-79; Def. Reply at 4. Even assuming, however, that the "ongoing state proceeding" includes the underlying permitting process, this case is not a civil enforcement proceeding under *Younger* for which abstention is available. The administrative permitting process is entirely distinct from civil enforcement proceedings. *Compare* N.M. Stat. Ann. § 74-4-4.2 *and* NMAC § 20.4.1.901 (establishing administrative permitting procedures), *with* N.M. Stat. Ann. § 74-4-10 (allowing NMED to initiate civil enforcement proceedings and assess civil penalties for noncompliance with the HWA and permit requirements).

NMED's attempt to recast the routine renewal and revision of a permit as a "civil enforcement proceeding" under *Younger* ignores the Supreme Court's requirement in *Sprint Communications* that a qualifying "civil enforcement proceeding" must be "'akin to a criminal prosecution' in 'important respects.'" 571 U.S. at 79 (*citing Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). Qualifying civil enforcement proceedings "are characteristically initiated to sanction the federal plaintiff . . . ." 571 U.S. at 79. The state often initiates the action. *Id.* And "investigations are commonly involved, culminating in the filing of a formal complaint or charges." *Id.* The administrative permitting process under the HWA, by contrast, begins with an application from the permittee; a draft permit and comment period follows, and the process culminates not with a complaint or charges but with a final permit. *See* NMAC § 20.4.1.901. The permitting process is not "akin to a criminal prosecution."

That the Permit addresses "corrective action," *see* Def. Reply at 5, does not transform the permitting process into a qualifying civil enforcement proceeding. The corrective action program under RCRA and the HWA is part of the overall regulatory program for hazardous waste. *See* 42 U.S.C. § 6924(u), (v); 40 C.F.R. § 264.101; N.M. Stat. Ann. § 74-4-4(A)(5)(h), (i); NMAC § 20.4.1.500 (adopting, in relevant part, 40 C.F.R. § 264.101). Standard operating permits for hazardous waste related activities issued under the HWA require provisions for corrective action to clean-up releases from solid waste management units at treatment, storage or disposal facilities. N.M. Stat. Ann. § 74-4-4.2(B).

NMED's arguments that that the Air Force was required to initiate the permitting process and that certain violations of the HWA may lead to criminal liability have no bearing on whether the administrative permitting process is akin to a criminal prosecution. The HWA requires a permittee to apply for a permit to conduct *any* covered activity related to hazardous waste and provides criminal sanctions for operating without a permit. *See* N.M. Stat. Ann. § 74-4-4.2, NMAC § 20.4.1.901(A) (permit application required), N.M. Stat. Ann. § 74-4-11 (providing criminal liability for conducting covered hazardous waste activities without a permit).[1] Requiring all permittees to apply for and receive a permit to engage in hazardous waste management under the HWA reflects the routine administrative nature of the permitting process. That a permittee may be held criminally liable if they *violate* a permit does not, however, transform the routine administrative process for *obtaining* a permit into a civil enforcement action akin to a criminal prosecution.

---

[1] There is nothing unique about this provision; it is common for regulatory statutes to have criminal sanctions for culpable noncompliance. *See, e.g.*, 42 U.S.C. § 6928(d), (e) (criminal provisions for RCRA); *see also* 33 U.S.C. § 1319(c) (criminal provisions of the Clean Water Act).

3

This case results from a routine regulatory "renewal and revision" of a permit implementing the HWA, not a proceeding initiated to sanction the United States for unlawful conduct. The permit did not result from an investigation into unlawful conduct or result in a formal complaint or charges. The permit renewal process is not akin to a criminal prosecution in any respect; *Younger* abstention is not proper.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss should be denied.

                                                    Respectfully submitted,

                                                    /s/ *David Mitchell*
`                                                  David Mitchell
                                                  Eileen T. McDonough
                                                  Environmental Defense Section
                                                  United States Department of Justice
                                                  P.O. Box 7611
                                                  Washington, D.C. 20044
                                                  (202) 514-0165
                                                  (202) 514-3126
                                                  david.mitchell@usdoj.gov
                                                  eileen.mcdonough@usdoj.gov

Case 2:19-cv-00046-KGS-MV   Document 121   Filed 04/10/19   Page 4 of 5

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record by the Court's electronic filing system on April 8, 2019.

/s/ *David Mitchell*