**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No.: 1-19-cv-46** |
| **NEW MEXICO ENVIRONMENT** | ) |
| **DEPARTMENT, and JAMES KENNEY,** | ) |
| **Secretary (in his official capacity),** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER

In accordance with the Court's Order of April 9, 2020 (ECF Doc. 28), Defendants New Mexico Environment Department and James Kenney, Secretary (in his official capacity) hereby respond to the allegations of the Complaint filed by Plaintiff on January 17, 2019 (ECF Doc. 1). The numbered paragraphs herein correspond to the numbered paragraphs of the Complaint.

1. The allegations of this paragraph constitute Plaintiff's characterization of its case, to which no response is required.  To the extent a response is required, Defendants admit that the New Mexico Environment Department ("NMED") issued a permit to Cannon Air Force Base under the New Mexico Hazardous Waste Act ("HWA"), NMSA 1978, §§ 74-4-1 – 14, on December 19, 2018.

2. Defendants admit that the December 19, 2018 permit renewed and modified an existing HWA permit for Cannon Air Force Base.

3. The allegations of this paragraph constitute Plaintiff's characterization of its case and consists of legal conclusions, to which no response is required. To the extent Paragraph 3 contains allegations of fact, Defendants deny those allegations.

4. The allegations of this paragraph constitute Plaintiff's characterization of its case and consist of legal conclusions, to which no response is required. To the extent Paragraph 4 contains allegations of fact, Defendants deny those allegations.

5. The allegations of this paragraph consists of legal conclusions, to which no response is required.

6. The allegations of this paragraph consists of legal conclusions, to which no response is required. To the extent Paragraph 6 requires a response, Defendants admit they conduct business in New Mexico.

7. The allegations of the first sentence this paragraph constitute Plaintiff's characterization of this case, to which no response is required.  Defendants admit the allegations of the second sentence.

8. The allegations of this paragraph consists of legal conclusions, to which no response is required.

9. Defendants admit the allegations of this paragraph.

10.  The allegations of the first sentence of this paragraph consists of a legal conclusion, to which no response is required.  The allegation of the second sentence purports to characterize the definition of hazardous waste at 42 U.S.C. § 6903(5), which speaks for itself and provides the best evidence of its contents.

11.  The allegations of this paragraph consists of legal conclusions, to which no response is required.

12. Defendants admit the allegations in the first sentence.  In response to the allegations in the second sentence, Defendants admit that EPA authorized NMED to issue and enforce permits for the storage, treatment, and disposal of hazardous waste, to the extent such authorization is required by the Resource Conservation and Recovery Act.  In response to the allegations in third sentence, Defendants admit that NMED issues hazardous waste permits to hazardous waste management facilities in New Mexico.  To the extent this allegation implies that NMED's authority to do so derives solely from EPA's authorization, it consists of a legal conclusion to which no response is required, but Defendants deny the allegation.

13.  This paragraph purports to characterize the contents of NMSA 1978, § 74-4-4.A, which speaks for itself and provides the best evidence of its contents.

14. This paragraph purports to characterize the contents of NMSA 1978, § 74-4-3(K), which speaks for itself and provides the best evidence of its contents.

15. This paragraph purports to characterize the contents of 42 U.S.C. § 6961(a), which speaks for itself and provides the best evidence of its contents.

16. The allegations of the first sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that the Permit is subject to appeal pursuant to  N.M. Stat. Ann. 1978, § 74-4-14. and that the grounds for setting aside an agency action are set forth in § 74-4-14.C as quoted.

17. Defendants' admit the allegations of this paragraph.

18. The allegations of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants' admit the challenged Permit

renewed and modified an existing permit, and that the Permit addresses corrective action and a schedule of compliance as well as general and specific standards for these activities.

19. Defendants lack knowledge and information sufficient to form a belief as to the truth of the Plaintiff's statements of its own intentions in this paragraph.  Defendants admit that Plaintiff's did file an appeal of the Permit in the New Mexico Court of Appeals, and that that proceeding was stayed upon Plaintiff's motion.

20. The allegations of this paragraph consists of legal conclusions, to which no response is required.  To the extent Paragraph 20 incorporates allegations that have been denied above, Defendants deny them.

21. The allegations of this paragraph consists of legal conclusions, to which no response is required.  To the extent Paragraph 21 contains allegations of fact, Defendants deny those allegations.

22. The allegations of this paragraph consists of legal conclusions, to which no response is required.  To the extent Paragraph 22 contains allegations of fact, Defendants deny those allegations.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

As further response, and without conceding they bear the burden of proof as to any of the following, Defendants assert the following affirmative defenses:

4

## First Defense

Plaintiff's claims are barred because Plaintiff did not object to any Permit condition and did not request a hearing on the Permit before the New Mexico Environment Department, and thereby failed to exhaust administrative remedies prior to bringing this action.

## Second Defense

Plaintiff is estopped by its conduct from asserting any of the purported claims alleged in the Complaint, because Plaintiff did not object to any Permit condition and did not request a hearing on the Permit before the Department.

## Third Defense

Plaintiff has waived its purported claims alleged in the Complaint, because Plaintiff did not object to any Permit condition and did not request a hearing on the Permit before the Department.

## Fourth Defense

Plaintiff's claims are barred by the collateral attack doctrine, because the Complaint constitutes a collateral attack on the Permit and the administrative decision-making process.

## Fifth Defense

Plaintiff has failed to state a claim on which relief can be granted.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any relief whatsoever.

Respectfully submitted:

**NEW MEXICO ATTORNEY GENERAL
HECTOR H. BALDERAS**

*/s/William G. Grantham*
P. Cholla Khoury
Director, Consumer & Environmental Protection Division
Assistant Attorney General
ckhoury@nmag.gov
William G. Grantham
Assistant Attorney General
wgrantham@nmag.gov
 (505) 717-3520
Post Office Drawer 1508
Santa Fe, NM 87504

**NEW MEXICO ENVIRONMENT DEPARTMENT
and JAMES KENNEY, Secretary (in his official
capacity)**

*/s/Jennifer Hower*
Jennifer Hower
General Counsel
Jennifer.hower@state.nm.us
Christopher Atencio
Assistant General Counsel
christopher.atencio@state.nm.us
Special Assistant Attorneys General
New Mexico Environment Department
121 Tijeras Ave. NE
Albuquerque, NM 87102
Phone: (505) 222-9554
Fax: (505) 383-2064

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that, on May 29, 2020, I filed the foregoing using CM/ECF which caused the parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*<u>/s/William G. Grantham</u>*
William G. Grantham